# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERT A. BROWN, | : | MOTION TO VACATE |
| BOP ID 56395-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:15-CV-4229-RWS-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:04-CR-591-3-RWS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Albert A. Brown's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and accompanying memorandum of law [304]. For the following reasons, Mr. Brown's motion should be denied and a certificate of appealability should be denied.

In 2004, Brown and two co-defendants, carrying firearms, robbed a restaurant in Atlanta, Georgia, and fled in a van at a high rate of speed, nearly striking a woman and a small boy. *See United States v. Brown*, 181 F. App'x 969, 970 (11th Cir. 2006). Mr. Brown pleaded guilty to all five counts of the Indictment, and he was sentenced as an armed career criminal under the Armed Career Criminal Act (the "ACCA"). *Id.*

On direct appeal, the United States Court of Appeals for the Eleventh Circuit rejected Mr. Brown's argument that he did not have at least three qualifying prior offenses, concluding that he had three qualifying "serious drug offense[s]," rendering it unnecessary to decide whether Mr. Brown's prior robbery conviction constituted a "violent felony" under the ACCA's "residual clause." *Id.* at 970-71. The Eleventh Circuit then affirmed Mr. Brown's 180-month mandatory minimum sentence under the ACCA. *Id.* at 972.

In the § 2255 motion that he has now filed to challenge his sentence some nine years after the Eleventh Circuit issued its decision, Mr. Brown raises two arguments. First, Mr. Brown contends that the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies retroactively to his case. Mr. Brown cannot be granted relief on this basis, however, because the Eleventh Circuit has already clearly held that "*Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review." *In re: Rivero*, 797 F.3d 986, 987 (11th Cir. 2015). In any event, *Johnson* would not provide a basis for relief for Mr. Brown – even if it were retroactively applicable – because

it dealt with "residual clause" offenses under the ACCA, and Mr. Brown's three qualifying offenses were for "serious drug crimes."

Mr. Brown also argues that "imposing a sentence under the career and armed career offender status violated the Petitioner's Fifth Amendment rights to due process[] based on the residual clause's unconstitutional vagueness, arbitrariness, and indeterminacy" [304 at 7]. Again, it must be noted that Mr. Brown's sentence was enhanced based on three qualifying prior "serious drug offenses," *without* application of the "residual clause."  Furthermore, Mr. Brown did not raise this constitutional challenge to the "residual clause" in his direct appeal, thus procedurally defaulting it in circumstances where neither of the exceptions to the procedural default rule applies.  *See generally McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).  Finally, even if this claim was being raised appropriately for the first time in a collateral challenge to Mr. Brown's sentence, it would be time-barred because the one-year statute of limitations for asserting it has expired.  *See* 28 U.S.C. § 2255(f).

The undersigned **RECOMMENDS** that Mr. Brown's motion [304] be **DISMISSED** and a certificate of appealability be **DENIED** because it is

apparent that he is not entitled to federal habeas corpus relief and he has not demonstrated that the issue is reasonably debatable.  *See* 28 U.S.C. foll. § 2255, Rule 4; *Slack v. McDaniel*, 529 U.S. 473 (2000).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 9th day of December, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE