# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERT A. BROWN, | : | MOTION TO VACATE |
| BOP ID 56395-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:15-CV-4229-RWS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:04-CR-591-3-RWS |

## ORDER

This matter is before the Court on federal inmate Albert A. Brown's Objections [307] to a Final Report and Recommendation ("Final R&R") [305] recommending summary dismissal of his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [304]. For the following reasons, the Court will **OVERRULE** Mr. Brown's Objections and **APPROVE AND ADOPT** the Final R&R as the Opinion and Order of this Court, as supplemented herein.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotations marks and citation omitted). Where no objection to the Final R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*,

208 F. App'x 781, 784 (11th Cir. 2006). Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Having conduced a *de novo* review of the Final R&R in light of Mr. Brown's Objections, the Court finds and concludes as follows:

The Final R&R correctly determined that Mr. Brown is not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). "*Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review." *In re: Rivero*, 797 F.3d 986, 987 (11th Cir. 2015); *see also In re: Franks*, No. 1:15-15456 (11th Cir. 2016) (slip opinion published January 6, 2015, available at http://media.ca11.uscourts.gov/opinions/pub/files/201515456.ord.pdf). Furthermore, even if *Johnson* was retroactively applicable, it dealt with "residual clause" offenses under the Armed Career Criminal Act, and each of Mr. Brown's qualifying predicate offenses was a "serious drug crime." *See United States v. Brown*, 181 F. App'x 969, 970-71 (11th Cir. 2006).

The Final R&R also correctly determined that Mr. Brown's failure to challenge the constitutionality of the "residual clause" in his direct appeal resulted in a procedural default, *see McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), and that any such claim, even if validly raised for the first time in this collateral proceeding, is time-barred, *see* 28 U.S.C. § 2255(f).

Because it is plainly apparent that Mr. Brown is not entitled to relief, his § 2255 motion is **DISMISSED**. *See* 28 U.S.C. foll. § 2255, Rule 4. And, because Mr. Brown does not meet the requisite standard for issuance of a Certificate of Appealability ("COA"), a COA is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

**SO ORDERED**, this 11th day of January, 2016.

_____
**RICHARD W. STORY, JR.**
United States District Judge

AO 72A
(Rev.8/82)